# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

BRYAN CONEY,           )
                       )
    Movant,            )
                       )
v.                     )      CV416-078
                       )      CR414-344
UNITED STATES OF AMERICA, )
                       )
    Respondent.        )

## **REPORT AND RECOMMENDATION**

Movant Bryan Coney, proceeding *pro se*, timely moves under 28 U.S.C. § 2255 to vacate his 2015 conviction for conspiracy to defraud the United States and aggravated identity theft. Doc. 68; [1] *see* docs. 1 (indictment), 42 (change of plea), 57 (plea agreement), 58 (judgment for 61 months' imprisonment), 59 (signed post-conviction certification declining to appeal conviction). He claims that (1) his attorney provided ineffective assistance, which (2) means his guilty plea was not made voluntarily, knowingly, or intelligently and (3) he did not appeal his illegally enhanced sentence. Doc. 68. The Government opposes.

---

[1] The Court is citing to the criminal docket in CR414-344 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

Doc. 72. Coney's claims are without merit.

## I. BACKGROUND

Though he contends otherwise, the record shows that Coney was provided with quite a bit of information prior to his incarceration. For example, his plea agreement explained that a guilty plea would subject him to a maximum of 10 years' imprisonment on Count One (conspiracy to defraud United States) and two years' imprisonment "consecutive to any term of imprisonment imposed for Count One" on Count Fifteen (aggravated identity theft). Doc. 57 at 4. It also explained that the "Sentencing Guidelines are based on all of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the facts underlying the particular Count to which Defendant is pleading guilty." *Id.* at 5. Finally, by signing the agreement Coney affirmed his belief that "his attorney has represented him faithfully, skillfully, and diligently, and [that] he is completely satisfied with the legal advice given and the work performed by his attorney." *Id.* at 9.

And, during the change-of-plea hearing, the Court asked him several important questions, which Coney testified under oath that he understood. *See* doc. 69 (Rule 11 Change of Plea Hearing Transcript) at

8:10-15.  He testified, among other things, that he understood that by pleading guilty he gave up his right to a trial, *id.* at 10:15-11:8, and various civil rights, *id.* at 10:16-12:5.  *See also id.* at 26:8-11.   He also "understood the difference between a plea of guilty and a plea of not guilty . . . admits that [he] did what the Government accuse[d] [him] of doing pursuant to [his] plea agreement with the Government," *id.* at 12:6-15, and that if he pled guilty he would "forever lose [his] right to complain on appeal about any action of the Government, any government agent, the prosecutor, the magistrate judge, [his] lawyer, this Court, or anyone else as far as any complaint that [he] might have about anything that [he] say[s] . . . they did or failed to do in [his] case." *Id.* at 12:16-25.

Coney also testified that his attorney had met with him four times and had explained the charges of the indictment, any possible defenses, and the sentencing guideline information to him.  *Id.* at 13:1-14:3, 20:7-9.  He was "satisfied" with her and the way she had represented him. *Id.*  No one had "done anything that [he] consider[ed] to be wrong or unfair which ha[d] forced [him] to plead guilty."  I*d.* at 22:23-25. Furthermore, he was "pleading guilty freely and voluntarily."  *Id.* at

27:19-20, 27:24-28:2.

Movant also testified that he understood that "even though the Government is dismissing the remaining counts in the indictment, according to the advisory sentencing guidelines, the charges against [him] in those counts may still play a part in the calculation of [his] sentence." *Id.* at 19:4-10. He testified that his attorney had explained how the advisory Sentencing Guidelines could affect his sentence and that the final sentence could be different than her initial estimate. *Id.* at 20:10-22:2. Coney agreed that, though his "sentence may be more severe than [he] or [his] lawyer have anticipate [he's] still bound by [his] plea of guilty, and [he] may not withdraw it." *Id.* at 22:3-7. Finally, he affirmed that he understood that Count One would impose a sentence of up to 10 years of imprisonment, and Count 15 would impose a "sentence of imprisonment of 2 years consecutive to any other term of imprisonment." *Id.* at 19:15-20:6; *see also id.* at 24:11-12 (testifying that it was his signature on page 11 of the plea agreement).

Next, at the sentencing hearing, Coney affirmed that he had read and discussed the Probation Office's Presentence Investigative Report with his attorney. Doc. 71 (Sentencing Hearing Transcript) at 5:6-9.

4

No objections were offered "to either the factual accuracy of the report or to the probation officer's application of the sentencing guidelines." *Id.* at 5:10-14. The Court advised him of his right to appeal the sentence within 14 days and cautioned him that a "failure to appeal within the 14-day period shall be a waiver of [his] right to appeal." *Id.* at 12:20-24. He and his attorney were provided with a postconviction certificate form, which Coney signed -- electing not to appeal -- and his lawyer filed with the Court that same day. Doc. 59.

## II. ANALYSIS

### A. The Guilty Plea

Coney contends, despite his clear testimony to the contrary, that his guilty plea was not voluntarily, knowingly, or intelligently given. Doc. 68. "A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void. A conviction based upon such a plea is open to collateral attack." *Machibroda v. United States*, 368 U.S. 487, 493 (1962). At the same time, plea bargaining retains its benefits of certainty and efficiency "only if dispositions by guilty plea are accorded a great measure of finality." *Blackledge v. Allison*, 431 U.S. 63, 71 (1977) ("To allow indiscriminate hearings in federal

postconviction proceedings . . . for federal prisoners under 28 U.S.C. § 2255 . . . would eliminate the chief virtues of the plea system -- speed, economy, and finality."). While § 2255 exists "to safeguard a person's freedom from detention in violation of constitutional guarantees," the Court observed that "[m]ore often than not a prisoner has everything to gain and nothing to lose from filing a collateral attack upon his guilty plea." *Id.* at 71-72.

As a result, "the representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Id.* at 73-74, 80 n. 19 (if the record reflects the procedures of plea negotiation and includes a verbatim transcript of the plea colloquy, a petitioner challenging his plea will be entitled to an evidentiary hearing "only in the most extraordinary circumstances"). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Id.*

6

at 74.[2]

Coney contends that his guilty plea was made "unknowingly, unintelligently, and involuntarily" because (1) "[a]t the time of the plea agreement and throughout the Rule 11 hearing, [he] was unaware that his sentences must run consecutive," (2) he "did not know that the dismissed counts would be used against him at sentencing, and (3) he "did not realize that he had a defense to the aggravated identity theft since he neither knew the victim nor was aware the victim was a real person instead of a fictional identity." Doc. 68 at 14. Apparently, had he known these things, he would not have pled guilty and his Guidelines range would have put him at a lower potential sentence. *Id.*

His sworn testimony at the Change of Plea and Sentencing Hearings, however, utterly contradicts these contentions.[3] Coney knew

---

[2]  Because Coney's motion is entirely without merit and his contentions are unambiguously contradicted by the record, no evidentiary hearing is necessary. *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (a hearing is unnecessary "if the allegations are 'patently frivolous,' 'based upon unsupported generalizations,' or 'affirmatively contradicted by the record.'"); *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (same); *Lynn v. United States*, 365 F.3d 1225, 1239 (11th Cir. 2004) (where the motion "amount[ed] to nothing more than mere conclusory allegations, the district court was not required to hold an evidentiary hearing on the issues and correctly denied Lynn's § 2255 motion.").

[3]  Coney is reminded that those who lie to this Court are prosecuted. *Hendrix v. United States*, 2014 WL 4204927 at *1, n. 4 (S.D. Ga. Aug. 25, 2014). Lying under oath, either live or "on paper," is illegal. *See United States v. Roberts*, 308 F.3d 1147,

7

his sentences would run consecutively. *See* docs. 57 at 4; 69 at 19:15-20:6 & 24:11-12; *see also* doc. 21 (Magistrate Judge reviewed penalty certification, doc. 5, with Coney at his arraignment). He swore that he understood the Sentencing Guideliness would take into account all of his conduct, not just the Counts to which he pled guilty. *See* docs. 57 at 5; 69 at 19:4-10 & 20:10-22:7. He also testified that he understood pleading guilty to aggravated identity theft meant he "knew the means of identification [Social Security numbers] belonged to an actual person other than yourself." *Id.* at 18:3-19; *see also id.* 34:22-23 (testifying specifically that he "knew" victim AR to be "a real person").

Faced with his sworn affirmation of understanding in an otherwise thorough and wide-ranging plea colloquy, and unsworn, self-serving testimony to the opposite effect at a time when he has every incentive to embellish, *see Winthrop-Redin*, 767 F.3d at 1216, the Court finds Coney's plea testimony dispositive. Such "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge*, 431 U.S.

---

1155 (11th Cir. 2002); *United States v. Dickerson*, No. CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); *id.*, doc. 47 (guilty verdict), cited in *Irick v. United States*, 2009 WL 2992562 at * 2 (S.D. Ga. Sept. 17, 2009 (unpublished); *see also Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n. 2 (S.D. Ga. 2012).

8

at 74; ac*cord United States v. Gonzalez-Mercado*, 808 F.2d 796, 800 n. 8 (11th Cir. 1987) ("While Rule 11 is not insurmountable, there is a strong presumption that the statements made during the colloquy are true."). Hence, his unintelligent plea claim fails on the merits.[4]

B.  **Ineffective Assistance of Counsel**

Coney argues that his attorney was ineffective[5] for failing to inform him of these crucial matters and for "misadvising" him of his right to appeal. Doc. 68 at 14-16. He argues this, despite his own

---

[4] It's also procedurally barred. Coney could have, but didn't, raise his plea claim on direct appeal. *See Bousley* v. United States, 523 U.S. 614, 621 (1998) ("[E]ven the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review."). And "[a] § 2255 motion, it must be remembered, may not be used as a 'surrogate' for a missed direct appeal." *Jones v. United States*, 2015 WL 464243 at * 1 (S.D. Ga. Jan. 28, 2015) (citing *Lynn*, 365 F.3d at 1232); *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011 ("Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding.").

A procedural default may be overcome if the movant can show "cause excusing his failure to raise the issue previously and prejudice from the alleged error." *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000). Ineffective assistance of counsel (IAC) "may satisfy the cause exception to the procedural bar," though such a claim "must have merit" to qualify. *Id*. at 1344. Here, there is no merit to his IAC claim, so that procedural bar remains fully in effect.

[5]   Defendants are entitled to the effective assistance of counsel during plea negotiations. *Lafler v. Cooper*, __ U.S. __, 132 S. Ct. 1376, 1384 (2012). To establish ineffective assistance, a defendant must show deficient performance and prejudice caused by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Where, as here, the movant challenges his guilty plea based on his counsel's alleged deficient performance, he can show prejudice only if "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

9

testimony that his attorney had done a satisfactory job in representing him, had met with him several times, and had fully explained the charges of the indictment, possible defenses, sentencing guideline information, and how his final sentencing might depart from her best estimate, *see, e.g.,* doc. 69 at 13:1-14;3, 20:7-9, 20:10-22:2, 22:3-7, 22:23-25, 27:19-20, 27:24-28:2, and despite the fact that he had signed a postconviction certificate[6] attesting that he had discussed the matter with his attorney and voluntarily and expressly declined to appeal his conviction. Doc. 59.

Even assuming that Coney's counsel had indeed failed to provide effective assistance in these matters -- and the Court makes *no* such finding, given the clear evidence of record -- his unambiguous testimony demonstrates that he understood his entry of guilty plea and his right to appeal when directly questioned by the Court. *See* docs. 69 & 71. The Court repeatedly asked him whether he understood the contents of and effects of his guilty plea. *See* doc. 69 at 12:16-25, 18:3-19, 19:4-10, 19:15-20:6, 20:10-22:7, 24:11-12, 34:22-23. The Court also specifically

---

[6] The Notice requires that both the defendant and counsel execute the form, thus memorializing their consultation and the defendant's election whether to appeal. *See Guyton v. United States*, 2013 WL 1808761 at * 2 n. 6 (S.D. Ga. Apr. 29, 2013).

advised him of his right to appeal his sentence within 14 days and cautioned him that a "failure to appeal within the 14-day period shall be a waiver of [his] right to appeal." Doc. 71 at 12:20-24.

The Court also rejects as meritless Coney's "Hail Mary" contention that his attorney somehow should have explained to him that amendments to "the economic crime guidelines" made this Court's "sentencing facts, and victim loss amounts plainly erroneous." Doc. 68 at 15. Any amendments to the Sentencing Guidelines issued after his conviction would not apply retroactively to his case, *see* U.S.S.G. § 1B1.10, and any claim on appeal seeking to have them applied retroactively to his case would have failed. *See Nyhuis*, 211 F.3d at 1344 (while ineffectiveness may excuse a procedural default, an attorney is not ineffective for failing to raise meritless claims). Thus, his attorney could not possibly have performed deficiently by failing to advise Coney to appeal to pursue a meritless claim.

## III. CONCLUSION

Bryan Coney's 28 U.S.C. § 2255 motion should be DENIED. This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this

Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __4th__ day of November, 2016.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA